**Leon C. ALVA, Plaintiff—Appellant,**

v.

**William LOCKYER, as Attorney General of California; Stephen L. Cooley, as District Attorney of Los Angeles, Defendants—Appellees.**

No. 04–57139.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2007.*

Filed Feb. 12, 2007.

Steven T. Flowers, Richard Fine & Associates, Beverly Hills, CA, for Plaintiff–Appellant.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jennifer Rockwell, Esq., AGCA—Office of the California Attorney General, Sacramento, CA, Amber A. Logan, Esq., Nelson & Fulton, Henry Patrick Nelson, Esq., Los Angeles, CA, for Defendants–Appellees.

Before: T.G. NELSON, SILER,** and HAWKINS, Circuit Judges.

## MEMORANDUM ***

Leon C. Alva ("Alva") appeals the dismissal of his 42 U.S.C. § 1983 action seeking a declaration that California Penal Code section 311.11—which criminalizes the possession of child pornography—violates the First and Fourteenth Amendments and an injunction preventing his prosecution under the statute because he desires to possess material that falls within its scope. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Section 311.11's prohibition on possessing material containing *simulated* sexual conduct involving minors does not render the statute substantially overbroad. *See New York v. Ferber*, 458 U.S. 747, 773–74, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982) (rejecting overbreadth challenge to statute prohibiting use of a "sexual performance"—a defined term encompassing simulated sexual activity—involving a child under the age of 16); *United States v. Adams*, 343 F.3d 1024, 1036 (9th Cir.2003) (rejecting overbreadth challenge to 18

U.S.C. § 2256(2)(A) which defined "sexually explicit conduct" to include simulated sexual activity for purposes of the federal child pornography statute, 18 U.S.C. § 2252).[1]

Alva's Fourteenth Amendment equal protection challenge to section 311.11(d)'s exception for "any film rated by the Motion Picture Association of America" (MPAA) also fails. Section 311.11(d) implicates neither a fundamental right, nor a suspect class, and is therefore subject only to rational basis scrutiny. *See, e.g., Kahawaiolaa v. Norton*, 386 F.3d 1271, 1277–78 (9th Cir.2004).

Under the rational basis test, Alva bears the burden " 'to negative every conceivable basis which might support' " the challenged distinction. *Silveira v. Lockyer*, 312 F.3d 1052, 1089 (9th Cir.2002) (quoting *Heller v. Doe*, 509 U.S. 312, 320, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993)). The district court properly concluded he has not done so here. Alva presents no argument beyond the accusation that section 311.11(d) was the "obvious result of heavy lobbying" to establish that the MPAA exception is not rationally related to a legitimate state interest. Accordingly, his equal protection claim fails.

**AFFIRMED.**

---

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Alva has waived any vagueness challenge by failing to raise it in his opening brief. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir.1994).